Kenneth J. Katz
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

FABIO CORAZZARI, individually and on behalf of all others
similarly situated,

CIVIL ACTION NO.

Plaintiff,

-against-                                          COMPLAINT

EDS HARDWOOD FLOORS, INC. and ELITON DE SORDI,

Defendants.

-------------------------------------------------------------------------------X

Plaintiff, Fabio Corazzari ("Plaintiff" or "Corazzari"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, EDS Hardwood Floors, Inc. ("EDS") and Eliton De Sordi ("De Sordi") (collectively referred to herein as "Defendants") respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.14, and New York State Human Rights Law, Executive Law § 290 *et seq*. ("NYSHRL").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff, Fabio Corazzari is an individual residing in the state of New York.

6.      At all relevant times, Plaintiff was an employee of Defendants as defined by the NYSHRL.

7.      Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

8.      Defendant EDS is a New York limited liability company with its principal place of business located at 141 Crotona Avenue, Harrison, New York 10528.

9.      Defendant EDS is engaged in the business of repairing and installing flooring for residential and commercial properties.

10.     Defendant EDS is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, employed Plaintiff.

11.     Defendant De Sordi is an owner of EDS and has, at all relevant times, exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

12.     At all relevant times, De Sordi was and still is a senior management level employee of EDS who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

13.     Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

14.     Defendants operate in interstate commerce.

15.     Throughout Plaintiff's employment with Defendants, Plaintiff was regularly involved in interstate commerce and was individually covered under the FLSA.

16.     At all relevant times, Defendants had more than four employees and were employers as defined by the NYSHRL.

17.     All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

18.     The First and Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

19.     The FLSA Collective Plaintiffs consist of no less than ten similarly situated current and former employees of EDS, including but not limited to individuals named Douglas, Edwin, Marcos, Anderson, Jefferson, Bruno, Emerson, and Diego, who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying overtime wages.

3

20.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA.  This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week.

21.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

22.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

23.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

24.     Plaintiff Corazzari, a homosexual man, was employed by Defendants as a laborer from on or around August 2014 to October 28, 2015.

25.     Corazzari reported directly to De Sordi.

26.     Corazzari's job responsibilities included installing flooring in residential and commercial properties.

27.     Throughout his employment with EDS, Cozarrari was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to overtime compensation.

4

28. Corazzari did not receive a payroll notice at the time of hire containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

29. Throughout his employment, Corazzari regularly worked Monday through Sunday, from 7:00 a.m. to between 6:00 p.m. and 8:00 p.m., with a 30-minute meal beak. Corazzari's average day ended around 7:00 p.m., thus, Corazzari regularly worked 80.5 hours per week.

30. Although Corazzari regularly worked more than forty hours per week, he was not paid one and one-half times his regular rate for every hour worked in excess of forty per week.

31. Instead, Corazzari was paid approximately $650 per week, entirely in cash.

32. Defendants did not track or otherwise record Corazzari's time worked.

33. Corazzari is aware of other current and former EDS employees, including but not limited to individuals named Douglas, Edwin, Marcos, Anderson, Jefferson, Bruno, and Diego, who were not paid overtime compensation despite regularly working more than 40 hours per week.

34. Defendants also failed to furnish Corazzari with each wage payment, a statement listing his regular and overtime rate of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

35. During Corazzari's employment with Defendants, Corazzari became romantically involved with a man named Jose, who worked near the EDS office.

36. Corazzari's coworkers became aware of Corazzari's relationship with Jose and notified De Sordi of the relationship in or around July 2015.

37. From in or around July 2015 to October 2015, Corazzari's supervisor, Emerson, told Corazzari on a number of occasions that De Sordi would fire him if he did not cease his relationship with Jose.

5

38.     In or around July or August 2015, De Sordi approached Corazzari and said that he had heard that Corazzari was gay.

39.     He further said words to the effect of, "I don't want someone working for me who is gay.  If I find out that you are dating or married to a man, I will fire you."

40.     Corazzari feared for his job and continued to try and keep his relationship with Jose a secret.

41.     On October 15, 2015, Corazzari and Jose got married.

42.     Subsequently, Corazzari asked De Sordi if he could take a day off on October 27, 2015, because he had an appointment with his immigration attorney.

43.     De Sordi said that he would allow Corazzari to take that day off.

44.     Upon information and belief, Corazzari's coworkers later told De Sordi that Corazzari had married Jose, who is an American citizen, and was taking a day off to go with his husband to try and get Corazzari a green card.

45.     On October 27, 2015, Corazzari took the day off to see his immigration lawyer.

46.     The next day, on October 28, 2015, De Sordi falsely accused Corazzari of taking a day off without his permission and terminated his employment.  De Sordi then berated Corazzari, in front of several co-workers, including Douglas, Edwin, Marcos, Emerson, Anderson, Jefferson, and Bruno, stating that he knew Corazzari was married to a man and that he didn't want a gay man working for him anymore.

47.     More specifically, De Sordi stated to Corazzari, in front of his co-workers, in sum and substance, "Get the f**k out of here, I don't want to see you here anymore because I know what you did was get married and go to an immigration lawyer and I don't want you here because my religion doesn't permit you to be here."

6

48.     De Sordi unlawfully terminated Corazzari intentionally in front of his co-workers in order to humiliate and embarrass him.  Several of his co-workers were laughing during this incident.

49.     Corazzari has not been permitted to return to work since October 28, 2015.

50.     It is evident by Defendants' actions that Plaintiff was discriminated against and unlawfully terminated on the basis of his sexual orientation.

51.     To date, Corazzari has not received his unpaid overtime pay.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ALL OTHER FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations under the FLSA)

52.     Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

53.     Pursuant to the applicable provisions of FLSA 29 U.S.C. § 207, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

54.     Throughout the relevant time period, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty hours per week during their employment with Defendants.

55.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular rate for each hour worked in excess of forty hours per week.

56.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

57.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

58.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(Minimum Wage Violations under the NYLL)

59.     Plaintiff repeats and realleges all prior allegations set forth above.

60.     Pursuant to the applicable provisions of NYLL §§ 650 et seq., and 12 NYCRR §142-2.1., Plaintiff was entitled to be paid at least the applicable statutory minimum wages for the hours he worked.

61.     Throughout the relevant time period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff the statutory minimum wages for the hours she worked.

62.     Specifically, Defendants paid Plaintiff approximately $650.00 per week, while Plaintiff worked 80.5 hours per week, for an approximate wage rate of $8.07 per hour.

63.     From 2015, the minimum wage in New York State was $8.75 per hour.

64.     Plaintiff was therefore paid less than the statutory minimum wage for all hours worked while employed by Defendants in 2015.

65. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs.

66. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action for his unpaid minimum wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### (Overtime Violations under the NYLL)

68. Plaintiff repeats and realleges all prior allegations set forth above.

69. Pursuant to the applicable provisions of NYLL § 650, *et seq.*, and 12 NYCRR § 142-2.2, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty hours per week.

70. Plaintiff regularly worked in excess of forty hours per week during his employment with Defendants.

71. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate for each hour worked in excess of forty hours per week.

72. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

73.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

74.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(Failure to Provide Payroll Notices Under the NYLL)

75.     Plaintiff repeats and realleges all prior allegations.

76.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and anything otherwise required by NYLL § 195(1).

77.     As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), he is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(Failure to Provide Wage Statements Under the NYLL)

78.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

10

79.     As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(3), he is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(Spread of Hours Violation)

80.     Plaintiff repeats and realleges all prior allegations.

81.     During the relevant time period, specifically in 2015, Plaintiff had work days that consisted of a spread of hours that exceeded ten hours.

82.     During the relevant time period, specifically in 2015, Plaintiff was entitled to receive an additional hour of pay for every day that he worked a spread of hours that exceeded ten hours.

83.     During the relevant time period, specifically in 2015, Defendants failed to pay Plaintiff an additional hour of pay for every day that he worked a spread of hours that exceeded ten hours, in violation of New York Labor Law §§ 190, et seq., and 650, et seq., and 12 NYCRR § 142-2.4.

84.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required spread of hours wages, Plaintiff has been damaged and is entitled to recover from Defendants all spread of hour wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198.

85.     As Defendant did not have a good faith basis to believe that its failure to pay spread of hours wages due to Plaintiff was in compliance with the law, Plaintiff is entitled to liquidated damages.

86.     Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all spread of hours wages due, liquidated damages, all reasonable attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(New York State Human Rights Law, Executive Law § 290 *et seq.* ("NYSHRL"))
(Sexual Orientation Discrimination)

87.     Plaintiff repeats and realleges all prior allegations.

88.     During Plaintiff's employment, Defendants became aware of Plaintiff's sexual orientation.

89.     Defendants terminated Plaintiff's employment solely because of his sexual orientation.

90.     Defendant's discriminatory actions give rise to a violation of the New York State Human Rights Law.

91.     As a result of the foregoing, Corazzari has been denied employment; has lost wages, benefits, promotional opportunities and bonuses; has suffered mental anguish, humiliation, embarrassment, emotional injury, emotional distress, and loss of enjoyment of life; and has incurred damages thereby.

92.     The conduct of Defendants was outrageous; was done in a malicious manner intended to injure Corazzari; and was done in conscious disregard and reckless indifference to Corazzari's protected civil rights, entitling him to an award of punitive damages.

93.     The aforementioned conduct by Defendants is without just and reasonable cause and constitutes unlawful discrimination in violation of NYSHRL.

12

94.     Judgment should be entered in favor of Corazzari and against Defendants on the Seventh Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

WHEREFORE Plaintiff, prays for relief as follows:

a)  on the First Cause of Action on behalf of himself and the FLSA Collective, for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, an additional award of one hundred percent of all wages due, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

b)  on the Second Cause of Action for all minimum wages due, an additional award of one hundred percent of all wages due to Plaintiff, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

c)  on the Third Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages due to Plaintiff, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

d)  on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs;

e)  on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs; and

13

f) on the Sixth Cause of Action for all spread of hour wages due in an amount to be determined by the Court, liquidated damages, along with all reasonable attorneys' fees and costs; and

g) on the Seventh Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action and any other damages permitted by law in an amount to be determined at trial; and

h) Such other and further relief as is just and proper.


Dated: New York, New York
January 25, 2016

   /s/ Kenneth J. Katz
Kenneth J. Katz
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811

14